NO. 07-10-00324-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
JANUARY 20, 2011
--------------------------------------------------------------------------------

 
 JAMES CODY SULLIVAN, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;
 
 NO. A3000-0504; HONORABLE ROBERT W. KINKAID JR., JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ORDER OF ABATEMENT AND REMAND
Appellant, James Cody Sullivan, filed a notice of appeal from his conviction for forgery of a financial instrument, and sentence of two years incarceration in the State Jail Division of the Texas Department of Criminal Justice, and $500 fine. The appellate court clerk received and filed the trial court clerks record on October 7, 2010. The trial court reporters record was due to be received by October 4, 2010. This Court received two requests for extension of time to file the reporter's record, both indicating that appellant had neither requested preparation of the record nor paid for or made arrangements to pay for the record. Concurrent with granting the reporter's first request for extension, this Court sent a letter to appellant directing him to request and to pay for or make arrangements to pay for the reporter's record and to certify that such action was taken by November 15, 2010, or the Court may set a deadline for appellant's brief in the absence of a reporter's record. When the reporter's second request for extension was received on November 17 and no certification of compliance with the Court's directive was received from appellant, the Court notified appellant by letter that his appellate brief was due on or before December 20, 2010. Appellant did not file his brief or request an extension of time to file his brief by this deadline. Consequently, on January 3, 2011, this Court sent appellant notice that, pursuant to Texas Rule of Appellate Procedure 38.8, failure to file his brief by January 13, may result in the appeal being abated and remanded without further notice. As of the date of this order, appellant has failed to file his brief or a motion for extension of time to file his brief.
Accordingly, we now abate this appeal and remand the cause to the trial court. See Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent him on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellants appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court appoints counsel for appellant or if appellant retains counsel, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney. 
The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerks record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporters record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerks record or the supplemental reporters record; and (5) cause the records of the proceedings to be sent to this Court. See Tex. R. App. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerks record, supplemental reporters record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than February 21, 2011. 

Per Curiam
Do not publish.